UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
                                                                   :
VR GLOBAL PARTNERS, LP,                                            :        11 Civ. 9719 (TPG)
                                                                   :
                              Plaintiff,                           :
                                                                   :        **ANSWER**
              - against -                                          :
                                                                   :
THE REPUBLIC OF ARGENTINA,                                         :
                                                                   :
                              Defendant.                           :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------ X

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Complaint dated December 30, 2011 (the "Complaint"), respectfully states as follows:

1.      Paragraph 1 of the Complaint purports to characterize the nature of the

action brought, and accordingly no responsive pleading is required.  To the extent Paragraph 1 of

the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 1 of the Complaint.

2.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 2 of the Complaint, except admits that it issued a bond

having ISIN XS0071898349 and entered into a trust deed dated July 27, 1993 and the Fifteenth

Supplemental Trust Deed dated December 20, 2001 (the "1993 Trust Deed and Supplement").

The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that it issued a bond having ISIN XS0078502399 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

4.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, except admits that it issued a bond having ISIN XS0084832483 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

5.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it issued a bond having ISIN XS0089277825 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

6.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it issued a bond having ISIN XS012428703 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

7.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it issued a bond having ISIN US04011NAL29 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

8.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued a bond

having ISIN DE0001340917 and issued a prospectus dated October 1996 (the "1996 Prospectus").  The Republic refers to the 1996 Prospectus for its true and correct contents.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued a bond having ISIN DE0001974608 and issued an offering circular dated February 26, 1998 (the "1998 Offering Circular").  The Republic refers to the 1998 Offering Circular for its true and correct contents.

10.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued a bond having ISIN XS0071898349.  The Republic denies issuing a bond having ISIN XS0071898349 in connection with an information memorandum dated October 30, 2000 (the "2000 Information Memorandum").

11.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it issued a bond having ISIN XS0103457585.  Paragraph 11 of the Complaint otherwise purports to characterize the contents of written documents including Resolution 580/99 of the Secretariat of the Treasury of the Republic, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 11 of the Complaint for their true and correct contents.

12.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13.      The Republic admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

3

14.     Paragraph 14 of the Complaint constitutes conclusions of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

16.     The Republic repeats and realleges its responses to Paragraphs 1-7 and 12-15 of the Complaint.

17.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, except admits that it issued bonds in connection with the 1993 Trust Deed and Supplement.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Complaint for its true and correct contents.  To the extent Paragraph 18 of the Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

19.     Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Complaint for its true and correct contents.  To the extent Paragraph 19 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

20.     The Republic denies the allegations contained in Paragraph 20 of the Complaint.  Paragraph 20 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

21.     The Republic denies the allegations contained in Paragraph 21 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

22.     Paragraph 22 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 22 of the Complaint for its true and correct contents.  To the extent Paragraph 22 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

23.     Paragraph 23 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 of the Complaint for its true and correct contents.  To the extent Paragraph 23 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

24.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.  Paragraph 24 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

25.     Paragraph 25 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 25 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 of the Complaint for its true and correct contents.

26.     Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

5

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 for its true and correct contents.

27.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.  Paragraph 28 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 28 for its true and correct contents.

29.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.  Paragraph 29 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

30.     The Republic repeats and realleges its responses to Paragraphs 1, 8 and 12-15 of the Complaint.

31.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, except admits that it issued the 1996 Prospectus.

32.     Paragraph 32 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 32 of the Complaint for its true and correct contents.  Paragraph 32 of the Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

33.     Paragraph 33 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 of the Complaint for its true and correct contents.

34.     Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 of the Complaint for its true and correct contents.

35.     The Republic denies the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 36 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 of the Complaint for its true and correct contents.

37.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.  Paragraph 37 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 37 for its true and correct contents.

7

38.     The Republic denies the allegations contained in Paragraph 38 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

39.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.  Paragraph 39 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

40.     The Republic repeats and realleges its responses to Paragraphs 1, 9 and 12-15 of the Complaint.

41.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, except admits that it issued the 1998 Offering Circular.

42.     Paragraph 42 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 42 of the Complaint for its true and correct contents.  Paragraph 42 of the Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

43.     Paragraph 43 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 43 of the Complaint for its true and correct contents.

44.     Paragraph 44 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

8

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 44 of the Complaint for its true and correct contents.

45.     The Republic denies the allegations contained in Paragraph 45 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

46.     Paragraph 46 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 46 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 of the Complaint for its true and correct contents.

47.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.  Paragraph 47 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 47 for its true and correct contents.

48.     The Republic denies the allegations contained in Paragraph 48 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

49.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.  Paragraph 49 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

50.     The Republic repeats and realleges its responses to Paragraphs 1, 10 and 12-15 of the Complaint.

51.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, except that the Republic denies issuing a bond having ISIN XS0071898349 in connection with the 2000 Information Memorandum.

52.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

53.     The Republic denies the allegations contained in Paragraph 53 of the Complaint.  Paragraph 53 of the Complaint otherwise constitutes conclusions of law as to which no responsive pleadings are required.

54.     The Republic denies the allegations contained in Paragraph 54 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

55.     Paragraph 55 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 55 of the Complaint for its true and correct contents.  To the extent Paragraph 55 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

56.     Paragraph 56 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

10

Paragraph 56 of the Complaint for its true and correct contents.  To the extent Paragraph 56 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

57.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.  Paragraph 57 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

58.     Paragraph 58 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.   The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.  Paragraph 59 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 59 for its true and correct contents.

60.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.  Paragraph 60 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

61.     The Republic repeats and realleges its responses to Paragraphs 1 and 11-15 of the Complaint.

62.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 63 of the Complaint for its true and correct contents.  Paragraph 63 of the Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

64.    Paragraph 64 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 64 of the Complaint for its true and correct contents.

65.    Paragraph 65 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 65 of the Complaint for its true and correct contents.

66.    The Republic denies the allegations contained in Paragraph 66 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

67.    Paragraph 67 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 67 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 67 of the Complaint for its true and correct contents.

68.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.  Paragraph 68 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the

referenced document and refers to the document cited in Paragraph 68 for its true and correct contents.

69.     The Republic denies the allegations contained in Paragraph 69 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

70.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint.  Paragraph 70 of the Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

71.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

72.     Plaintiff's claims are barred by the act of state doctrine.[1]

### Third Affirmative Defense

73.     To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

74.     Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

75.     Plaintiff's claims are barred by the doctrine of abuse of rights.

---

[1]     The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

**Sixth Affirmative Defense**

76.     Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

**Seventh Affirmative Defense**

77.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations/prescription period.

**Eighth Affirmative Defense**

78.     Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the Fiscal Agency Agreement or Trust Deed.

**Ninth Affirmative Defense**

79.     In the interests of justice and the convenience of the parties, this action should be dismissed on the grounds of forum non conveniens.

**Tenth Affirmative Defense**

80.     To the extent that plaintiff's claims fall within the definition of a certified class action, and to the extent that such a class action remains certified, plaintiff is precluded from bringing this action.

**Eleventh Affirmative Defense**

81.     The Court lacks subject matter and personal jurisdiction to adjudicate plaintiff's claims involving bonds issued under German law.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)       dismissing plaintiff's claims with prejudice;

(b)       awarding the Republic costs and disbursements, including reasonable

attorneys' fees; and

(c)       granting the Republic such other and further relief as the Court may deem

just and proper.

Dated: New York, New York
          March 6, 2012

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                        By:  /s/  Carmine D. Boccuzzi
                                             Jonathan I. Blackman (jblackman@cgsh.com)
                                             Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                                        One Liberty Plaza
                                        New York, New York 10006
                                        (212) 225-2000
                                        Attorneys for the Republic of Argentina