**DUANE MORRIS LLP**
By: Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Mary C. Pennisi
Email: mcpennisi@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff
VR Global Partners, LP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VR Global Partners, LP, | |
| Plaintiff, | CIVIL ACTION NOS. |
| v. | 11-CV-08817 (TPG) (KNF) |
| The Republic of Argentina, | 11-CV-09719 (TPG) (KNF) |
| Defendant. | |

---

### VR GLOBAL PARTNERS, LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND

i

# TABLE OF CONTENTS

## Table of Contents

|  | Page |
|---|---|
| Preliminary Statement | 1 |
| Statement of Facts | 1 |
| I. Argentina's Violations of The Equal Treatment Provision | 2 |
| II Defendant's Refusal To Consent To VR's Amendment | 3 |
| ARGUMENT | 4 |
|    The Court Should Grant Plaitniffs' Motion For Leave To Amend Its Complaint | 4 |
|       A. VR Seeks To Amend Its Complaint For Proper Purposes | 5 |
|       B. No Basis Under Foman Exists To Justify Denying VR Leave To Amend | 5 |
|          1. Argentina Cannot Claim Delay To Justify Denying VR Leave To Amend | 6 |
|          2. There Will Be No Prejudice To Argentina If VR Amends Its Complaint | 6 |
|          3. VR's Amendment Is Not Futile | 7 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Cases**

AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,
  626 F.3d 699 (2d Cir. 2010) .................................................................................... 5

Aetna Cas. & Sur.Co. v. Aniero Concrete Co.,
  404 F.3d 566 (2d Cir. 2005) .................................................................................... 7

Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.,
  1995 U.S. Dist. LEXIS 11 (S.D.N.Y. Jan. 4, 1995) ................................................ 5

Block v. First Blood Assocs.,
  988 F.2d 344 (2d Cir. 1993) ................................................................................ 5-6

Foman v. Davis,
  371 U.S. 178 (1962) .......................................................................................... 4-5, 7

Lane v. Reid,
  559 F. Supp. 1047 (S.D.N.Y. 1983) ....................................................................... 5

Lavaggi v. The Republic of Argentina,
  No. 04 Civ. 5068 (TPG), 2008 WL 4449347 (S.D.N.Y. September 30, 2008) ...... 6-7

Monahan v. New York City Dep't. of Corr.,
  214 F.3d 275 (2d Cir. 2000) .................................................................................... 6

Oliver Schools, Inc. v. Foley,
  930 F.2d 248 (2d Cir. 1991) .................................................................................... 5

State Teachers Ret. Bd. v. Fluor Corp.,
  654 F.2d 843 (2d Cir. 1981) .................................................................................... 6

**Other Authorities**

3-15 Moore's Federal Practice - Civil § 15.14[1] (2012) .............................................. 4

Fed. R. Civ. P. 15(a) ................................................................................................ 4, 8

DM3\2220995.5

## PRELIMINARY STATEMENT

Plaintiff VR Global Partners, LP ("VR") respectfully submits this Memorandum of Law in support of its motion for leave to amend its Complaints in its cases against the Republic of Argentina ("Argentina") in which no judgment or order for summary judgment has yet been entered: VR Global Partners L.P. v. The Republic of Argentina, No. 1:11-CV-08817-TPG, filed on December 2, 2011, and No. 1:11-CV-09719-TPG, filed on December 30, 2011. VR seeks leave to amend its Complaints to formally add a claim for specific performance of the Equal Treatment Provision of the Fiscal Agency Agreement ("FAA")[1] and the other agreements upon which VR's bonds were issued based on Argentina's continuing violations of that provision so that it may move for partial summary judgment. See Declaration of Mary C. Pennisi (hereinafter "Pennisi Decl.") at Ex. B ¶ 1(c). VR also seeks to provide an updated and accurate account of its bond ownership. A copy of the proposed amended complaints (together the "Amended Complaints") are annexed to the accompanying Pennisi Declaration as Exhibit C for Case No. 1:11-CV-08817-TPG and Exhibit D for Case No. 1:11-CV-09719-TPG. This Court decided to grant similar motions in several other actions. Pennisi Decl. ¶¶ 21-23, Exs. E-G.

## STATEMENT OF FACTS

As the Court is aware, VR commenced this action against Argentina on December 30, 2011 in an attempt to recover amounts due on bonds issued and defaulted upon by Argentina. The subject of this motion and VR's Partial Summary Judgment Motion is Argentina's breach of

---

[1] Plaintiff's claim for breach of the Equal Treatment Provision is already properly before this Court. Indeed, Argentina argued at that time that the issue was already before the Court, stating "[h]aving sued under the FAA, plaintiffs have put at issue all the provisions in that agreement that are relevant to the rights and obligations of the parties, including their rights to use the Pari Passu Clause as an enforcement mechanism." NML Capital, Ltd. v. The Republic of Argentina, No. 1:09-cv-01707-TPG, Dkt. #189, at 5 (S.D.N.Y. September 28, 2011).

1

the Equal Treatment Provision in connection with and following two exchange offers that Argentina made to holders of defaulted debt in 2005 and 2010. Argentina's conclusion of its second bond exchange for defaulted external debt in five years has made clear that Argentina has adopted a new means of addressing its economic issues at the expense of its creditors and in disregard of its outstanding judgments, all in violation of the Equal Treatment Provision of the FAA and other agreements.

VR intends to submit a motion for partial summary judgment in which VR will argue that the Equal Treatment Provision has been violated by Argentina's legislative issuance of bonds with a payment obligation that ranks higher than that of those issued under the FAA and held by VR and to specifically enforce VR's rights to equal treatment pursuant to the FAA which governs all the bonds at issue in this litigation. When discussing the possibility of a motion, Defendant's counsel indicated that VR should amend its complaint to incorporate a claim based on the Equal Treatment Provision. Accordingly, VR seeks leave to amend its complaint to incorporate a count addressing Argentina's violations of the Equal Treatment Provision in the agreements under which VR's bonds were issued and to reflect updated information about VR's bond ownership.

I.   **Argentina's Violations of The Equal Treatment Provision**

In 2005, Argentina passed Law 26,017 (the "Lock Law") by which Argentina issued bonds with a higher ranking payment obligation to holders which participated in its 2005 Bond Exchange (the "2005 Bondholders"). These 2005 bondholders have received interest payments on their bonds since 2005, while bondholders such as VR, who did not participate in the 2005 Exchange, received no payments. In 2009, Argentina enacted Law 26,547, by which it reopened the 2005 Bond Exchange and issued another series of payment preferred bonds to those holders which participated in the 2010 Bond Exchange (the "2010 Bondholders"). The 2010

Bondholders are scheduled to begin receiving interest on their bonds in December 2010, while non-tendering bondholders will continue to receive nothing.

In NML Capital, Ltd. v. The Republic of Argentina, 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ. 1708 (TPG), this Court held that two laws passed by Argentina and its practice of making preferential payments violate the Equal Treatment Provision. Pennisi Decl. ¶¶ 24-25, Exs. H-I. An appeal on the issue is now pending in the Second Circuit. See NML Capital, Ltd. v. The Republic of Argentina, No. 12-105-cv(L) (2d Cir. 2012). The proposed Amended Complaints present the basis for VR's Equal Treatment claim and for its request for specific performance and injunctive relief.

## II.  Defendant's Refusal To Consent To VR's Amendment

On or about May 31, 2012, Mary C. Pennisi of Duane Morris LLP notified Defendant's counsel that VR planned to move for partial summary judgment on the issue of Argentina's violations of the Equal Treatment Provision and sought to enter a stipulation with Defendant consenting to be bound by the outcome of the Second Circuit appeal. Pennisi Decl. ¶ 2.

Defendant's counsel advised Ms. Pennisi that other bondholders who had similarly moved for partial summary judgment included a claim in their complaints specifically addressing the Equal Treatment Provision. Pennisi Decl. ¶¶ 7-10. Defendant's counsel specifically referred Ms. Pennisi to the complaint submitted by the Olifant Fund, Ltd., v. The Republic of Argentina No. 10 Civ. 9587 (TPG). Pennisi Decl. ¶¶ 9-10. Defendant's counsel explained that the absence of such a claim in VR's complaint may be problematic for purposes of obtaining summary judgment and the stipulation, and suggested that VR consider amending its Complaint. Pennisi Decl. ¶ 8.

Following Defendant counsel's suggestion, on or about June 22, 2012, Ms. Pennisi notified Defendant's counsel that VR planned on amending its Complaint accordingly. Pennisi

3

Decl. ¶¶ 11-12. Ms. Pennisi explained that VR intended to add a claim to address the Republic's violation of the Equal Treatment Provisions and requested that the parties sign a joint stipulation agreeing to allow VR to file the Third Amended Complaint. Pennisi Decl. ¶¶ 11-12. Without any explanation, Defendant's counsel refused to consent to VR's Amended Complaints. Pennisi Decl. ¶¶ 13-15. Defendant's counsel instead suggested that VR file a motion seeking the Court's permission to amend VR's Complaint. Pennisi Decl. ¶¶ 15. Therefore, VR now moves to amend its complaints to add a claim for Argentina's violations of the Equal Treatment Provisions in the bonds underlying VR's action.

## ARGUMENT

### THE COURT SHOULD GRANT PLAINTIFFS' MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Fed. R. Civ. P. 15(a) provides that a party may amend the pleading by obtaining leave of the court or upon written consent of the adverse party and leave shall be freely given when justice so requires. Although leave to amend a complaint is within the sound discretion of the court, "[a] liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." 3-15 Moore's Federal Practice - Civil § 15.14[1] (2012). In Foman v. Davis, the Supreme Court explained the Rule's purpose and application.

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – relief sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the relief without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

4

371 U.S. 178, 182 (1962) (internal citation omitted). See also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) ("'The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'") (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)); Oliver Schools, Inc. v. Foley, 930 F.2d 248, 252-53 (2d Cir. 1991).

### A. VR Seeks To Amend Its Complaint For Proper Purposes

VR should be granted leave to file amended complaints. It is well-settled that during the pretrial phase, "a court should allow amendments to ensure that all the issues are before the court." Id. Where, as here, plaintiff seeks to add a new theory or claim upon which relief can be granted, designed merely to buttress or enhance the chances of recovery, "amendment should be freely allowed." Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co., 1995 U.S. Dist. LEXIS 11 (S.D.N.Y. Jan. 4, 1995) (internal citations omitted); Lane v. Reid, 559 F. Supp. 1047, 1052-53 (S.D.N.Y. 1983). VR seeks to amend its complaints to ensure that all the issues and facts involved are brought before the court by (1) adding a claim to address the Republic of Argentina's violations of the Equal Treatment Provision of the agreements under which VR's bonds were issued and (2) providing the court with an accurate account of VR's current bond holdings. The Equal Treatment Provision appears in the same agreements upon which VR has already alleged its other claims. Furthermore, the additional holdings were issued under the same agreements.

### B. No Basis Under Foman Exists To Justify Denying VR Leave To Amend

None of the reasons listed by the Supreme Court in Foman to justify denying leave to amend exists in this case. There has been no bad faith or dilatory motive on plaintiff's part, no

repeated failures to cure deficiencies by amendment, and no undue delay or prejudice. See Foman, 371 U.S. at 182.

### 1. Argentina Cannot Claim Delay To Justify Denying VR Leave To Amend

To the extent that Argentina may claim that there has been delay in seeking to amend the Complaint, delay alone is an insufficient basis to deny leave to amend. State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the District Court to deny the right to amend."); see also Lavaggi v. The Republic of Argentina, No. 04 Civ. 5068 (TPG), 2008 WL 4449347, at * 1 (S.D.N.Y. September 30, 2008) (proper to allow amendment several years after original filing). Furthermore, there has been no delay here. VR determined to raise the Equal Treatment issue after Argentina's enactment of Law 26,547 in 2009 reflected Argentina's willingness to repeatedly violate the Equal Treatment Provision, the Bond Exchange closed on September 27, 2010, VR instituted its action in December of 2011, and Defendant's counsel suggested that VR amend its complaint at the end of May in 2012. Pennisi Decl. ¶¶ 9-10.

### 2. There Will Be No Prejudice To Argentina If VR Amends Its Complaint

If the Court allows VR to amend its complaints, no prejudice to Argentina will result because VR's amending would not require Argentina to expend any additional resources in discovery or in trial preparation and would not delay the resolution of the dispute. See Block v. First Blood Ass'n, 988 F.2d 344, 350 (2d Cir. 1993) ("In determining... 'prejudice' [the Second Circuit] consider[s] whether the... new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."). Argentina cannot claim surprise by VR's request to amend after Argentina itself

6

raised the issue of this claim and has dealt with the Equal Treatment Provision in litigation raised by other bondholders. Monahan v. New York City Dep't. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (no unfair surprise when party "had knowledge of the facts giving rise to the [claim]" and the party "was well aware" of the underlying basis of the claim). Indeed, in 2003, Argentina acknowledged that the Equal Treatment Provision would be an issue in lawsuits brought by owners of defaulted bonds. NML Capital, Ltd. v. The Republic of Argentina, No. 1:09-cv-01707-TPG, Dkt. #189, at 5 (S.D.N.Y. September 28, 2011) (Indeed, Argentina argued at that time that the issue was already before the Court. "Having sued under the FAA, plaintiffs have put at issue all provisions in that agreement that are relevant to the rights and obligations of the parties, including their right to use the Pari Passu Clause as an enforcement mechanism."). Furthermore, this Court has previously allowed other bondholders to amend their complaints to include claims addressing Argentina's violations of the Equal Treatment Provisions. Pennisi Decl. ¶ 16.

    3.    **VR's Amendment Is Not Futile**

VR's amendment would not be futile. A proposed amendment is futile only if <u>no</u> set of facts can be provided under the amendment that would constitute a valid claim. Aetna Cas. & Sur.Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Lavaggi, 2008 WL 444937, at *2. VR's proposed amended complaint alleges that Argentina's enactment of Laws 26,017 and 26,547 and its continuing payments to the holders of the bonds issued in the 2005 and 2010 exchanges violate the Equal Treatment Provision. Plaintiff fully expects to prevail on its claims pursuant to the Equal Treatment Provision. Indeed, in NML Capital, Ltd. v. The Republic of Argentina, 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), and 09 Civ. 1708 (TPG) this Court has already ruled that Argentina has violated the Equal Treatment Provision. Pennisi Decl. ¶¶ 24-25, Exs. H-I.

Because no circumstances under <u>Foman</u> are present to justify denying VR's amendment, this Court should grant VR's motion for leave to file an amended complaint.

## CONCLUSION

Because leave to amend is to be freely given pursuant to Fed. R. Civ.P. 15(a) and there is no reason to deny such leave, the Court should grant VR's Motion for Leave to Amend.

Dated: New York, New York
August 10, 2012

          **Duane Morris LLP**

          By: /s/ Anthony J. Costantini
          Anthony J. Costantini (AC6633)
          E-mail:ajcostantini@duanemorris.com
          Suzan Jo (SJ1974)
          E-mail:sjo@duanemorris.com
          Mary C. Pennisi (MP0417)
          Email: mcpennisi@duanemorris.com
          1540 Broadway
          New York, NY 10036-4086
          Telephone: +1 212 692 1000
          Fax: +1 212 692 1020

          Attorneys for Plaintiff
          VR Global Partners, LP