UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

VR GLOBAL PARTNERS, LP,

                Plaintiff,

           - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

-------------------------------------------------------------------- X

11 Civ. 9719 (TPG)

**ANSWER TO AMENDED
COMPLAINT**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Amended Complaint dated August 10, 2012 and filed on September 4, 2012 (the "Amended

Complaint"), respectfully states as follows:

        1.      Paragraph 1 of the Amended Complaint purports to characterize the nature

of the action brought, and accordingly no responsive pleading is required.  To the extent

Paragraph 1 of the Amended Complaint constitutes a conclusion of law, no responsive pleading

is required.  The Republic otherwise lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 1 of the Amended Complaint.

        2.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 2 of the Amended Complaint, except admits that it

issued a bond having ISIN XS0071898349 and entered into a trust deed dated July 27, 1993 and

the Fifteenth Supplemental Trust Deed dated December 20, 2001 (the "1993 Trust Deed and

Supplement").  The Republic refers to the 1993 Trust Deed and Supplement for its true and

correct contents.

3.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, except admits that it issued a bond having ISIN XS0078502399 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

4.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint, except admits that it issued a bond having ISIN XS0084832483 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

5.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint, except admits that it issued a bond having ISIN XS0089277825 and entered into the 1993 Trust Deed and Supplement.  The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

6.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint, except admits that it issued a bond having ISIN XS012428703 and entered into the 1993 Trust Deed and Supplement. The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

7.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, except admits that it issued a bond having ISIN US04011NAL29 and entered into the 1993 Trust Deed and

2

Supplement. The Republic refers to the 1993 Trust Deed and Supplement for its true and correct contents.

8.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint, except admits that it issued a bond having ISIN DE0001340917 and issued a prospectus dated October 1996 (the "1996 Prospectus"). The Republic refers to the 1996 Prospectus for its true and correct contents.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint, except admits that it issued a bond having ISIN DE0001974608 and issued an offering circular dated February 26, 1998 (the "1998 Offering Circular"). The Republic refers to the 1998 Offering Circular for its true and correct contents.

10.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint, except admits that it issued a bond having ISIN XS0103457585. Paragraph 10 of the Amended Complaint otherwise purports to characterize the contents of written documents including Resolution 580/99 of the Secretariat of the Treasury of the Republic, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 10 of the Amended Complaint for their true and correct contents.

11.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint and the exhibit referenced in Paragraph 11 of the Amended Complaint.

3

12.    The Republic admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

13.    Paragraph 13 of the Amended Complaint constitutes conclusions of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Paragraph 14 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

15.    The Republic repeats and realleges its responses to Paragraphs 1-7 and 11-14 of the Amended Complaint.

16.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint, except admits that it issued bonds in connection with the 1993 Trust Deed and Supplement.

17.    Paragraph 17 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 of the Amended Complaint for its true and correct contents.  To the extent Paragraph 17 of the Amended Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

18.    Paragraph 18 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Amended Complaint for its true and correct contents.  To

4

the extent Paragraph 18 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

19. The Republic denies the allegations contained in Paragraph 19 of the Amended Complaint. Paragraph 19 of the Amended Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

20. The Republic denies the allegations contained in Paragraph 20 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

21. Paragraph 21 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 of the Amended Complaint for its true and correct contents. To the extent Paragraph 21 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

22. Paragraph 22 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 22 of the Amended Complaint for its true and correct contents. To the extent Paragraph 22 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

23. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint. Paragraph 23 of the

5

Amended Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

24.     Paragraph 24 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 24 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 24 of the Amended Complaint for its true and correct contents.

25.     Paragraph 25 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 for its true and correct contents.

26.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

27.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint.  Paragraph 27 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 for its true and correct contents.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint.  Paragraph 28 of the

6

Amended Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

29.     The Republic repeats and realleges its responses to Paragraphs 1, 8 and 11-14 of the Amended Complaint.

30.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint, except admits that it issued the 1996 Prospectus.

31.     Paragraph 31 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 31 of the Amended Complaint for its true and correct contents. Paragraph 31 of the Amended Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

32.     Paragraph 32 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 32 of the Amended Complaint for its true and correct contents.

33.     Paragraph 33 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 of the Amended Complaint for its true and correct contents.

34.     The Republic denies the allegations contained in Paragraph 34 of the Amended Complaint.

7

35.     Paragraph 35 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 35 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 35 of the Amended Complaint for its true and correct contents.

36.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint.  Paragraph 36 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 for its true and correct contents.

37.     The Republic denies the allegations contained in Paragraph 37 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

38.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint.  Paragraph 38 of the Amended Complaint otherwise constitutes a conclusion of law as to which no responsive pleading is required.

39.     The Republic repeats and realleges its responses to Paragraphs 1, 9 and 11-14 of the Amended Complaint.

40.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint, except admits that it issued the 1998 Offering Circular.

41.     Paragraph 41 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 41 of the Amended Complaint for its true and correct contents. Paragraph 41 of the Amended Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

42.     Paragraph 42 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 42 of the Amended Complaint for its true and correct contents.

43.     Paragraph 43 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 43 of the Amended Complaint for its true and correct contents.

44.     The Republic denies the allegations contained in Paragraph 44 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

45.     Paragraph 45 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required. Paragraph 45 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks

9

for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 45 of the Amended Complaint for its true and correct contents.

46. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint. Paragraph 46 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 for its true and correct contents.

47. The Republic denies the allegations contained in Paragraph 47 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

48. Paragraph 48 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. The Republic repeats and realleges its responses to Paragraphs 1, 6 and 11-14 of the Amended Complaint.

50. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint.

51. Paragraph 51 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 51 for its true and correct contents.

52.     The Republic denies the allegations contained in Paragraph 52 of the Amended Complaint.  Paragraph 52 of the Amended Complaint otherwise constitutes conclusions of law as to which no responsive pleadings are required.

53.     The Republic denies the allegations contained in Paragraph 53 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

54.     Paragraph 54 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 54 of the Amended Complaint for its true and correct contents.  To the extent Paragraph 54 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

55.     Paragraph 55 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 55 of the Amended Complaint for its true and correct contents.  To the extent Paragraph 55 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

56.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Amended Complaint.  Paragraph 56 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 56 of the Amended Complaint.

11

57.    Paragraph 57 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.   The Republic otherwise denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Amended Complaint.  Paragraph 58 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 58 for its true and correct contents.

59.    Paragraph 59 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.    The Republic repeats and realleges its responses to Paragraphs 1 and 11-14 of the Amended Complaint.

61.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Amended Complaint.

62.    Paragraph 62 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 62 of the Amended Complaint for its true and correct contents. Paragraph 62 of the Amended Complaint otherwise constitutes a conclusion of law, no responsive pleading is required.

63.     Paragraph 63 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 63 of the Amended Complaint for its true and correct contents.

64.     Paragraph 64 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 64 of the Amended Complaint for its true and correct contents.

65.     The Republic denies the allegations contained in Paragraph 65 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

66.     Paragraph 66 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.   Paragraph 66 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 66 of the Amended Complaint for its true and correct contents.

67.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Amended Complaint.  Paragraph 67 of the Amended Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 67 for its true and correct contents.

13

68.     The Republic denies the allegations contained in Paragraph 68 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

69.     Paragraph 69 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     The Republic repeats and realleges its responses to Paragraphs 1 through 14 of the Amended Complaint.

71.     Paragraph 71 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 71 of the Amended Complaint for its true and correct contents.

72.     Paragraph 72 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 72 of the Amended Complaint for its true and correct contents.

73.     Paragraph 73 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 73 of the Amended Complaint for its true and correct contents.

74.     Paragraph 74 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such

characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 74 of the Amended Complaint for its true and correct contents.

75. Paragraph 75 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 75 of the Amended Complaint for its true and correct contents.

76. Paragraph 76 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 76 of the Amended Complaint for its true and correct contents.

77. Paragraph 77 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 77 of the Amended Complaint for its true and correct contents.

78. Paragraph 78 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 78 of the Amended Complaint for its true and correct contents.

79. Paragraph 79 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 79 of the Amended Complaint for its true and correct contents.

80.     Paragraph 80 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 80 of the Amended Complaint for its true and correct contents.

81.     Paragraph 81 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 81 of the Amended Complaint for its true and correct contents.

82.     Paragraph 82 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.     The Republic admits that it conducted an Exchange Offer in 2005 pursuant to which new, performing debt was issued to participating eligible holders of beneficial interests in non-performing Republic-issued debt (the "2005 Exchange Offer") and otherwise denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.     The Republic denies the allegations contained in Paragraph 84 of the Amended Complaint, except admits that holders of over 75 percent of beneficial interests in eligible non-performing debt tendered interests into the 2005 Exchange Offer.

85.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Amended Complaint.

86.     The Republic denies the allegations contained in Paragraph 86 of the Amended Complaint, except admits that it issued new, performing bonds in connection with the 2005 Exchange Offer. To the extent that Paragraph 86 of the Amended Complaint purports to

16

characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 86 of the Amended Complaint for its true and correct contents.

87.     The Republic denies the allegations contained in Paragraph 87 of the Amended Complaint, except admits that the first payment on the 2005 Exchange Offer Bonds was due and paid in 2005. To the extent that Paragraph 87 of the Amended Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 87 of the Amended Complaint for its true and correct contents.

88.     The Republic admits that it has made all scheduled interest payments on the 2005 Exchange Offer Bonds.

89.     The Republic admits that it intends to continue servicing the 2005 Exchange Offer Bonds.

90.     Paragraph 90 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 90 of the Amended Complaint for its true and correct contents. The Republic otherwise denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Paragraph 91 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such

17

characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 91 of the Amended Complaint for its true and correct contents.

92.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Amended Complaint.

93.     Paragraph 93 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 93 of the Amended Complaint for its true and correct contents.

94.     Paragraph 94 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  To the extent that Paragraph 94 purports to characterize ¶ 1(c) of the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA") as an "Equal Treatment Clause," such characterization is inaccurate.  The correct term for that provision, which the Republic will use here, is "pari passu" clause.  The Republic admits that it issued new, performing debt in 2005 and otherwise denies the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Paragraph 95 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 95 of the Amended Complaint for its true and correct contents.

96.     Paragraph 96 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 96 of the Amended Complaint for its true and correct contents.

97.     Paragraph 97 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 97 of the Amended Complaint for its true and correct contents.

98.     Paragraph 98 of the Amended Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 98 of the Amended Complaint.

99.     The Republic admits that it intends to continue servicing the bonds issued pursuant to its Exchange Offer conducted in 2010.

100.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Amended Complaint.

101.    Paragraph 101 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on non-performing debt.  To the extent that Paragraph 102 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.

103.    Paragraph 103 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic admits that it issued new, performing debt in 2010 and otherwise denies the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Paragraph 104 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Paragraph 105 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Paragraph 106 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Paragraph 107 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Amended Complaint. To the extent that Paragraph 108 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Paragraph 109 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.    To the extent that Paragraph 110 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Amended Complaint.

111.    To the extent that Paragraph 111 of the Amended Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 111 of the Amended Complaint, including its assumption that the Republic is somehow not performing its purported obligations under the pari passu clause.

112.    Paragraph 112 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations of Paragraph 112 of the Amended Complaint.

113.    Paragraph 113 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations of Paragraph 113 of the Amended Complaint.

### First Affirmative Defense

114.    The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

115.    Plaintiff's claims are barred by the act of state doctrine.[1]

### Third Affirmative Defense

116.    To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

---

[1]    The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fourth Affirmative Defense

117.    Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

118.    Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

119.    Plaintiff's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

120.    Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Eighth Affirmative Defense

121.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations/prescription period.

### Ninth Affirmative Defense

122.    Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA or Trust Deed.

### Tenth Affirmative Defense

123.    In the interests of justice and the convenience of the parties, this action should be dismissed on the grounds of forum non conveniens.

### Eleventh Affirmative Defense

124.    To the extent that plaintiff's claims fall within the definition of a certified class action, and to the extent that such a class action remains certified, plaintiff is precluded from bringing this action.

### Twelfth Affirmative Defense

125.    The Court lacks subject matter and personal jurisdiction to adjudicate plaintiff's claims involving bonds issued under German law.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)     dismissing plaintiff's claims with prejudice;

(b)     awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)     granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 5, 2012

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:_____

Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000
Attorneys for the Republic of Argentina